UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **LINKSMART WIRELESS TECHNOLOGY, LLC,**<br><br>    Plaintiff,<br><br>  v.<br><br>1.  **SIX CONTINENTS HOTELS, INC.; AND**<br>2.  **INTERCONTINENTAL HOTELS GROUP RESOURCES, INC.**<br><br>    Defendants. | Civil Action No: 2:09-cv-26<br><br><br>The Honorable T. John Ward<br>United States District Judge<br><br><br>JURY |

### COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action for patent infringement, in which Linksmart Wireless Technology, LLC makes the following allegations against Six Continents Hotels, Inc. and InterContinental Hotels Group Resources, Inc.

### PARTIES

1. Plaintiff Linksmart Wireless Technology, LLC ("Linksmart Wireless") is a California limited liability company with its principal place of business at 3452 E. Foothill Blvd., Suite 320, Pasadena, California 91107.

2. On information and belief, defendant Six Continents Hotels, Inc. ("SCH") is a Delaware corporation with its principal place of business at Three Revinia Drive, Suite 100, Atlanta, Georgia 30346-2149.

3. On information and belief, defendant InterContinental Hotels Group Resources, Inc. ("IHGR") is a Georgia corporation with its principal place of business at Three Revinia Drive, Suite 100, Atlanta, Georgia 30346-2149.

4. SCH and IHRG are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

6. Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district, and/or has committed and/or induced acts of patent infringement in this district.

7. On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringing activities alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,779,118

**(Against All Defendants)**

8. Linksmart Wireless is the owner by assignment of United States Patent No. 6,779,118 ("the '118 Patent") entitled "User Specific Automatic Data Redirection System." The '118 Patent issued on August 17, 2004 from United States Patent Application No. 09/295,966 ("the '966 Application"). A true and correct copy of the '118 Patent is attached hereto as Exhibit A.

9. Koichiro Ikudome and Moon Tai Yeung are listed as the inventors on the '118 Patent.

10. Defendant SCH has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, or selling wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests. These wireless Internet access systems are covered by one or more claims of the '118 Patent, and SCH is making, using, importing, offering to sell, or selling them to the injury of Linksmart Wireless. SCH is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

11. Defendant IHGR has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, or selling wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests. These wireless Internet access systems are covered by one or more claims of the '118 Patent, and IHGR is making, using, importing, offering to sell, or selling them to the injury of Linksmart Wireless. IHGR is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

12. Defendants have actively induced and are actively inducing infringement of the '118 Patent and are liable for contributory infringement of the '118 Patent.

13. As a result of Defendants' infringement of the '118 Patent, Linksmart Wireless has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

14. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '118 Patent, Linksmart Wireless will be greatly and irreparably harmed.

//

//

**PRAYER FOR RELIEF**

WHEREFORE, Linksmart Wireless respectfully requests that this Court enter:

1.  A judgment in favor of Linksmart Wireless that each of the Defendants has infringed, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '118 Patent, and that such infringement was willful;

2.  A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '118 Patent.

3.  A judgment and order requiring Defendants to pay Linksmart Wireless its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '118 Patent as provided under 35 U.S.C. § 284.

4.  An award to Linksmart Wireless for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Linksmart Wireless its reasonable attorneys' fees; and

6.  Any and all other relief to which Linksmart Wireless may show itself to be entitled.

//
//
//
//
//
//
//

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: January 21, 2009         Respectfully submitted,

By: /s/ Marc A. Fenster
Marc A. Fenster, California State Bar No. 181067
E-mail: mfenster@raklaw.com
Andrew D. Weiss, California State Bar No. 232974
E-mail: aweiss@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

**Attorneys for Plaintiff
Linksmart Wireless Systems, Inc.**