UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **LINKSMART WIRELESS TECHNOLOGY, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>1. **SIX CONTINENTS HOTELS, INC.,;  AND**<br>2. **INTERCONTINENTAL HOTELS GROUP RESOURCES, INC.,**<br><br>**Defendants.** | Civil Action No. 2:09-CV-26<br><br><br>The Honorable T. John Ward<br>United States District Judge<br><br><br>**JURY** |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS TO LINKSMART WIRELESS TECHNOLOGY, LLC'S COMPLAINT

Defendants Six Continents Hotels, Inc. ("SCH") and Intercontinental Hotels Group Resources, Inc. ("IHGR") (collectively referred to as "Defendants") answer the Complaint by Plaintiff Linksmart Wireless Technology, LLC ("Linksmart Wireless") as follows:

**PARTIES**

Complaint Paragraph 1:

Plaintiff Linksmart Wireless Technology, LLC ("Linksmart Wireless") is a California limited liability company with its principal place of business at 3452 E. Foothill Blvd., Suite 320, Pasadena, California 91107.

Answer to Complaint Paragraph 1:

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and therefore deny them.

Complaint Paragraph 2:

On information and belief, defendant Six Continents Hotels, Inc. ("SCH") is a Delaware corporation with its principal place of business at Three Revinia Drive, Suite 100, Atlanta, Georgia 30346-2149.

Answer to Complaint Paragraph 2:

SCH admits the allegations in Paragraph 2 of the Complaint.

Complaint Paragraph 3:

On information and belief, defendant InterContinental Hotels Group Resources, Inc. ("IHGR") is a Georgia corporation with its principal place of business at Three Revinia Drive, Suite 100, Atlanta, Georgia 30346-2149.

Answer to Complaint Paragraph 3:

IHGR denies that it is a Georgia corporation. IHGR admits the remaining allegations in Paragraph 3 of the Complaint.

Complaint Paragraph 4:

SCH and IHRG are collectively referred to herein as "Defendants."

Answer to Complaint Paragraph 4:

This paragraph requires no response other than to clarify that InterContinental Hotels Group Resources, Inc. was previously referred to by Linksmart Wireless as IHGR and not IHRG.

**JURISDICTION AND VENUE**

Complaint Paragraph 5

This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

Answer to Complaint Paragraph 5:

Defendants admit that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over the claims brought against Defendants in this suit, but Defendants deny any liability thereunder.

Complaint Paragraph 6:

Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district, and/or has committed and/or induced acts of patent infringement in this district.

Answer to Complaint Paragraph 6:

Defendants admit, for purposes of this litigation only, the allegation that venue is proper in this district as to Defendants under 28 U.S.C. §§ 1391 (b) and (c) and 1400(b).  Defendants deny that they have committed or are committing, or have induced or are inducing, any acts of patent infringement in this or any other district.

Complaint Paragraph 7:

On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringing activities alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

Answer to Complaint Paragraph 7:

Defendants admit, for purposes of this litigation only, that this Court has personal

jurisdiction over Defendants. Defendants deny that they have committed or are committing any of the allegedly infringing activities in this or any other district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,779,118

**(Against All Defendants)**

Complaint Paragraph 8:

Linksmart Wireless is the owner by assignment of United States Patent No. 6,779,118 ("the '118 Patent") entitled "User Specific Automatic Data Redirection System." The '118 Patent issued on August 17, 2004 from United States Patent Application No. 09/295,966 ("the '966 Application"). A true and correct copy of the '118 Patent is attached hereto as Exhibit A.

Answer to Complaint Paragraph 8:

Defendants admit that the '118 Patent entitled "User Specific Automatic Data Redirection System" appears on its face to have been issued on August 17, 2004. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of the Complaint, and therefore deny them.

Complaint Paragraph 9:

Koichiro Ikudome and Moon Tai Yeung are listed as the inventors on the '118 Patent.

Answer to Complaint Paragraph 9:

Defendants admit that Koichiro Ikudome and Moon Tai Yeung are listed as inventors on the face of the '118 Patent.

Complaint Paragraph 10:

Defendant SCH has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the State of

Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, or selling wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests. These wireless Internet access systems are covered by one or more claims of the '118 Patent, and SCH is making, using, importing, offering to sell, or selling them to the injury of Linksmart Wireless. SCH is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 10:

SCH denies the allegations in paragraph 10 of the Complaint.

Complaint Paragraph 11:

Defendant IHGR has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, or selling wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests. These wireless Internet access systems are covered by one or more claims of the '118 Patent, and IHGR is making, using, importing, offering to sell, or selling them to the injury of Linksmart Wireless. IHGR is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 11:

IHGR denies the allegations in paragraph 11 of the Complaint.

Complaint Paragraph 12:

Defendants have actively induced and are actively inducing infringement of the '118 Patent and are liable for contributory infringement of the '118 Patent.

Answer to Complaint Paragraph 12:

Defendants deny the allegations in paragraph 12 of the Complaint.

Complaint Paragraph 13:

As a result of Defendants' infringement of the '118 Patent, Linksmart Wireless has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

Answer to Complaint Paragraph 13:

Defendants deny the allegations in paragraph 13 of the Complaint.

Complaint Paragraph 14:

Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '118 Patent, Linksmart Wireless will be greatly and irreparably harmed.

Answer to Complaint Paragraph 14:

Defendants deny the allegations in paragraph 14 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Linksmart Wireless is entitled to any relief requested in its Prayer for Relief or any other relief.

## DEMAND FOR JURY TRIAL

This paragraph requires no response.

## GENERAL DENIAL

Defendants deny any allegations in the Complaint not specifically admitted in Defendants' responsive pleadings above.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Invalidity)

The subject matter of the '118 Patent does not meet the requirements of 35 U.S.C. § 101, *et seq.*, and the '118 Patent therefore is invalid, void and unenforceable because it fails to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

### Third Affirmative Defense
### (Laches, Waiver and Estoppel)

Any claim for damages for patent infringement of the '118 Patent is limited by the doctrines of laches, waiver and estoppel, and/or the '118 Patent is unenforceable under one or more of those doctrines.

### Fourth Affirmative Defense
### (35 U.S.C. § 287)

Any claim for damages for patent infringement by Linksmart Wireless is limited by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

### Fifth Affirmative Defense
### (Non-Infringement)

Defendants have not and do not infringe the '118 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

### Sixth Affirmative Defense
### (Failure to Join)

The Complaint fails to join all necessary parties needed for a complete resolution of the

claims stated.

## Seventh Affirmative Defense
### (Improper Joinder)

The Defendants are improperly joined.

## Eighth Affirmative Defense
### (Unclean Hands)

Linksmart Wireless is barred under the doctrine of unclean hands from obtaining any relief or recovery against Defendants.

## Ninth Affirmative Defense
### (35 U.S.C. § 286)

Linksmart Wireless's recovery for alleged infringement of the '118 Patent, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint pursuant to 35 U.S.C. § 286.

## Tenth Affirmative Defense
### (Limitation on Damages)

Linksmart Wireless's claims for monetary relief are limited to a reasonable royalty, if any.

## Eleventh Affirmative Defense
### (28 U.S.C. § 1498(a))

Linksmart Wireless's remedies are limited by 28 U.S.C. § 1498(a).

## Twelfth Affirmative Defense
### (Reservation of Additional Defenses)

Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

## **DEFENDANTS' COUNTERCLAIMS**

Defendants/Counterclaimaints Six Continents Hotels, Inc. ("SCH") and Intercontinental Hotels Group Resources, Inc. ("IHGR") (collectively referred to as "Defendants/Counterclaimants") bring the following counterclaims against Plaintiff/Counterdefendant Linksmart Wireless Technology, LLC ("Linksmart Wireless") as follows:

1.  Defendants hereby incorporate the preceding paragraphs as though fully set forth herein.

## **THE PARTIES**

2.  Defendant/Counterclaimant Six Continents Hotels, Inc. is a Delaware corporation with its principal place of business at Three Revinia Drive, Suite 100, Atlanta, Georgia 30346-2149.

3.  Defendant/Counterclaimant Intercontinental Hotels Group Resources, Inc. is a Delaware corporation with its principal place of business at Three Revinia Drive, Suite 100, Atlanta, Georgia 30346-2149.

4.  Plaintiff/Counterdefendant Linksmart Wireless alleges in its Complaint that it is a California limited liability company with its principal place of business at 3452 E. Foothill Blvd., Suite 320, Pasadena, California 91107.

## **JURISDICTION AND VENUE**

5.  This is an action for declaratory relief. This Court has jurisdiction over this counterclaim based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

6.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400, *et seq.*

## THE PATENT IN SUIT

7. The United States Patent and Trademark Office issued United States Patent No. 6,779,118 ("the '118 Patent") entitled "User Specific Automatic Data Redirection System" on August 17, 2004. Linksmart Wireless alleges in its Complaint that it is the current owner by assignment of the '118 Patent.

## EXISTENCE OF AN ACTUAL CONTROVERSY

8. On January 21, 2009, Linksmart Wireless filed a Complaint against Defendants alleging that Defendants infringe the '118 Patent and actively induce and contribute to the infringement of the '118 Patent.

9. Defendants dispute the validity of the '118 Patent and deny that they have infringed the '118 Patent or have induced or contributed to its infringement.

10. There is an actual and justiciable controversy between Linksmart Wireless and Defendants with respect to the validity, enforceability, and infringement, or lack thereof, of the '118 Patent.

## FIRST COUNTERCLAIM

### (Declaration of Non-Infringement of the '118 Patent)

11. Defendants hereby incorporate and reallege paragraphs 1 through 10 above as though fully set forth herein.

12. Linksmart Wireless has alleged, and now alleges, that Defendants have been and are directly infringing the '118 Patent by using, importing, offering to sell, selling, or inducing others to use wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests that are covered by one or more claims of the '118 Patent.

13. Linksmart Wireless has alleged, and now alleges, that Defendants indirectly infringe '118 Patent by using, importing, offering to sell, selling, or inducing others to use

wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests that are covered by one or more claims of the '118 Patent.

14. Linksmart Wireless also contends that such alleged direct and indirect infringement has caused Linksmart Wireless to suffer damages and that irreparable injury has been caused to Linksmart Wireless.

15. Defendants deny the allegations of Linksmart Wireless referenced in preceding paragraphs 12 through 14.

16. Defendants have alleged, and hereby allege, that they have not infringed and presently are not infringing the '118 Patent, either literally or under the doctrine of equivalents. Defendants also have alleged, and hereby allege, that they have not and presently are not actively inducing or contributing to the infringement of the '118 Patent.  As such, Defendants have alleged, and hereby continue to allege, that they are not liable for damages arising from the claimed infringement.

17. Defendants desire and request a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement, unenforceability and invalidity of the '118 Patent.

## SECOND COUNTERCLAIM
**(Declaration of Invalidity and Unenforceability of the '118 Patent)**

18. Defendants hereby incorporate and reallege paragraphs 1 through 17 above as though fully set forth herein.

19. The '118 Patent is invalid and unenforceable for failing to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

20. Based on the foregoing, Defendants are entitled to a judgment that the '118 Patent is invalid and unenforceable against Defendants, and to an award of damages that Defendants have suffered from the unlawful assertion of the '118 Patent by Linksmart Wireless.

## **JURY DEMAND**

Defendants demand a trial by jury of all issues so triable in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants/Counterclaimants pray for relief as follows:

A. That Linksmart Wireless's Complaint be dismissed in its entirety with prejudice and that Linksmart Wireless take nothing thereon;

B. That Linksmart Wireless's request for injunctive relief against Defendants be denied;

C. For an entry of judgment declaring that each of the asserted claims of the '118 Patent are invalid, void, and without force and effect;

D. For an entry of judgment declaring that Defendants have not infringed and do not infringe, either directly, contributorily or through inducement, any of the claims of the '118 Patent;

E. That Defendants be awarded their costs, disbursements and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285, and other provisions of law;

   F. That Defendants be granted such other and further relief as the Court deems just and proper.

          Respectfully submitted,

Dated: February 10, 2009   By: /s/ John M. Guaragna
          John M. Guaragna, Esq.
          (Texas Bar No. 24043308)
          DLA Piper LLP (US)
          1221 South MoPac Expressway, Suite 400
          Austin, TX 78746-6875
          Telephone: 512-457-7000
          Facsimile: 512-457-7001

          **Attorney for Defendants**
          **Six Continents Hotels, Inc. and**
          **Intercontinental Hotels Group Resources, Inc.**

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this 10th day of February 2009, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.


                                                      /s/ John M. Guaragna
                                                      John M. Guaragna